this purpose. The Supreme Court of this state, having general jurisdiction both at law and in equity, has therefore, as it seems to us, jurisdiction of the subject-matter. Bischoff v. Engel, 10 App. Div. 241, 41 N. Y. Supp. 815.

Nor do we think it is necessary that permission be obtained to bring an action before one can be maintained under this statute, provided it be brought in the name of the United States. The statute in express terms permits an action to be brought, and this precludes the idea that leave must first be obtained. If, however, the action could be brought in a name other than that of the United States—which we do not think it could—then permission would have to be obtained. The general rule is that, in the absence of a statute permitting it, an action can be brought on a bond by one not named as obligee therein only when authorized by the court to do so (Annett v. Kerr, 28 How. Prac. 326), and this fact must be alleged in the complaint and proved on the trial. It is a part of the cause of action. Nor has this rule been changed in any way by the Code of Civil Procedure. Thus, section 1888 provides that a person injured by the default, delinquency, or misconduct of a public officer may apply for leave to prosecute the delinquent's official bonds, and section 1890 provides that receivers, assignees of insolvent debtors, and trustees and other officers appointed by the court or judge are public officers within the meaning of section 1888. It might well be questioned whether the trustee of a bankrupt's estate is an officer within the meaning of the above section, but it is clear that if he is, then he comes within the provisions of such sections, and leave to prosecute the bond must be obtained before the action is commenced.

Finally, it is urged that there is a defect of parties defendant, in that the defaulting trustee has not been made a party defendant. A sufficient answer to this suggestion is that it appears that the defaulting trustee is not within the state, but is a fugitive from justice. Under the circumstances, he is a proper but not a necessary party. Otto v. Van Riper, 164 N. Y. 536, 58 N. E. 643.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer sustained, with costs. All concur.

---

(89 App. Div. 152.)

PEOPLE ex rel. GRAY v. BOARD OF SUP'RS OF LIVINGSTON COUNTY.

(Supreme Court, Appellate Division, Fourth Department. December 1, 1903.)

1. SHERIFFS—FEES—ATTENDANCE AT COURT.
   A sheriff is not entitled to fees for attendance at a court to be held at the chambers of the county judge in cases where the county judge was absent, and no court was in fact held, and no adjournment was made or other services rendered by the officer.

2. SAME—TAKING PRISONERS TO COURT.
   A sheriff, who is also a jailer, is not entitled to fees for taking to court prisoners arrested in a village for petty offenses triable exclusively by courts of special sessions, and taken to the county jail until their hearings.

**3. SAME—CUSTODY OF PRISONERS.**

Under Laws 1866, p. 1481, c. 692, and its amendments, allowing a constable or policeman to charge $1 for keeping a village prisoner in custody after he is brought before the justice, and 2 Rev. St. p. 750, § 11, entitling a sheriff performing a constable's duties to the same fees, the sheriff is entitled to the fee of $1 for that service.

**4. SAME—RECEIVING, DISCHARGING, AND BOARD OF PRISONERS.**

County Law, § 90 (Laws 1892, p. 1765, c. 686), provides that the county jail may be used for detaining persons charged with crime, and committed for trial or examination; section 92 requires the sheriff to receive and keep in the jail every person committed to his custody; section 93 provides that prisoners detained for trial shall be fed at the expense of the county; and section 230 provides that county charges shall cover the compensation of sheriffs for the commitment and discharge of prisoners, and the expenses incurred in their support. Laws 1872, p. 593, c. 237, as amended by Laws 1887, p. 190, c. 178, constituting the charter of Geneseo, provides (Laws 1872, p. 626, c. 237, § 61) that persons arrested for petty offenses shall be taken before the police justice, and, if a police or other justice cannot be found, the officer may commit the prisoner to the county jail. *Held*, that the county was liable to the sheriff, who was also the jailer, for his fees for receiving, boarding, and discharging prisoners committed to the jail under the provisions of the village charter.

**5. SAME—ENFORCEMENT—MANDAMUS.**

Where the board of county supervisors has rejected certain items of a sheriff's bill, and, on the return of an alternative writ of mandamus to compel the allowance of such items, specific information is given as to the reasons for the disallowance, it is proper to issue a peremptory writ to compel the allowance of such items as are legal charges.

Appeal from Special Term, Livingston County.

Mandamus by the people, on the relation of William H. Gray, against the board of supervisors of Livingston county. From an order directing the issuance of a peremptory writ, respondents appeal. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Lockwood R. Doty and Charles Bissell, for appellants.

Frank K. Cook, for respondent.

WILLIAMS, J. The order should be modified as hereinafter suggested, and, as modified, affirmed, without costs in this court to either party.

The relator during the year 1902 was sheriff and jailer of the county of Livingston. In November, 1902, he presented to the board of supervisors his bill for services as sheriff and as keeper of the common jail of the county. The board struck out some items, and audited the balance of the bill. Two alternative writs of mandamus were procured and served, requiring the board to give specific information with reference to the items of the account disallowed, and such information was given by the returns of the board to such writs. Upon such returns the relator moved for a peremptory writ requiring the board to audit and allow (1) item deducted from total charge for meals of prisoners, $25; (2) item deducted for attending court, $51; (3) item for fees and board of prisoners, $803.19. And upon this motion the order appealed from was made.

The order disallowed the $25 item, and, as no appeal is taken by the relator, we need not consider this item.

The next item, of $51 for attending court, was deducted for 17 days at $3 per day. The county judge designated a court to be held at his chambers each Saturday during the year 1902, except during August, without a jury; and the relator charged in his account for 42 days' attendance at these courts at $3 per day. The county judge was absent from the county on 32 Saturdays during the year, and no court was held on those days. No adjournment of any of these courts was made by the relator, and he performed no function as sheriff with reference thereto. Of these 42 days' attendance by the relator charged in this account, the board disallowed 17, leaving the balance to be paid by the county. It does not appear that there was any statutory provision requiring the sheriff to attend these Saturday terms. He did not attend for the purpose of exercising any function of his office, and he did nothing. Presumably, he knew the county judge was away and no court would be held, and his office was in the courthouse. It is difficult to see why he should be paid, when he rendered no service to the county. The board went quite as far as they were justified in going when they allowed him for the remaining Saturdays' attendance charged in his account. The order, so far as it related to this item, was erroneous.

The only other item is $803.19 for fees and board of prisoners. Persons were arrested in the village of Geneseo for petty offenses triable exclusively by courts of special sessions, and were taken to the county jail by the local police, and kept there until brought before the court and their cases were disposed of. The item is made up of charges in this class of cases—board at 60 cents per day, 75 cents each for receiving and discharging the persons, $1.75 each for taking them to court to plead, and $1 each for keeping them in custody. There seems to be no doubt but that the last two items were improper, and should be disallowed. It is not very clear from the record what the custody was for which the charge of $1 per day was made. We assume, however, that the custody was of prisoners after they were taken from jail by the police and were brought before the justice. This was a charge the constable or policeman might make under chapter 692, p. 1481, Laws 1866, and its amendments, and by the Revised Statutes (2 Rev. St. p. 750, § 11), if the sheriff performed this duty he would be entitled to the same fees. We find no other provision for fees for custody of the prisoners of $1 per day. The charter of the village of Geneseo (chapter 237, p. 593, Laws 1872, as amended by chapter 178, p. 190, Laws 1887; section 61, p. 626, c. 237, Laws 1872), makes it the duty of the local police who takes the person to jail to render this service, and the sheriff has no duty with reference thereto. The other two items seem to be chargeable. The county law (Laws 1892, p. 1743, c. 686) provides by section 90 that the county jail may be used for the detention of persons charged with crime, and committed for trial or examination; by section 92, that the sheriff shall receive and safely keep in the county jail every person committed to his custody for safe-keeping, examination, or trial;

and by section 93, that prisoners detained for trial shall be provided with a sufficient quantity of plain, wholesome food, at the expense of the county; and by section 230, that county charges cover compensation of sheriffs for commitment and discharge of prisoners, and expenses necessarily incurred in the support of persons committed to the jails of the county.   It is provided by section 61 of the charter of Geneseo, hereinbefore referred to, in effect, that a person of the class charged for in this item of $803.19, upon being arrested by the local police, shall at once be taken before the police justice of the village, but, if the police justice or another justice cannot be found, then the officer who makes the arrest may detain the prisoner in custody, or commit him to the county jail, etc., for safe-keeping until a justice be found, not exceeding 24 hours, when the officer shall bring the offender before the justice, etc.   Reading all these provisions together, it must be held that the sheriff was compelled to receive and discharge this class of offenders, and to provide them with board while detained in jail, and was entitled to charge the county fees for service, and the expense of furnishing such board.   It may be that the village ought to be required to pay these charges, so as to relieve the county therefrom.   The statute will, however, have to be amended to accomplish such a result.   The courts cannot afford the relief.

We see no objection to the practice pursued in this case of issuing a peremptory writ, or to the audit of this item, and the allowance of such part of it as the board determines justified and required under the rules of law we have here laid down.

The board rejected the whole item, apparently on the ground that the village of Geneseo, and not the county of Livingston, was liable for the services actually rendered, and expenses actually incurred. In this the board erred.   It should now be compelled to act upon the bill, audit the same, allowing not necessarily what is charged for the two items we have held chargeable, but whatever the facts require the board to allow, under the rules of law we have established for this action.   Such was the practice adopted in People v. Supervisors Delaware Co., 45 N. Y. 196; People v. Town Auditors Elmira, 82 N. Y. 81; and we think this the more simple and economical method of disposing of the controversy.

We conclude, therefore, that the order appealed from should be modified so as to disallow the writ as to the item of $51 for court attendance, and so as to direct the issue of the writ compelling the board to audit the item of $803.19, allowing such amount thereof as represents correctly the services of the sheriff for receiving and discharging prisoners at 75 cents each, and expense incurred for board of such prisoners; and, as modified, the order should be affirmed, without costs in this court to either party.   Form of decision to be settled before Mr. Justice WILLIAMS on two days' notice.   All concur